Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

ST. GERMAIN BROTHERS, INC., Roy R. St. Germain, and Bert A. St. Germain, Jr., Defendants.

Civ. A. No. 62–119–F.

United States District Court
D. Massachusetts.

Oct. 15, 1962.

Charles Donahue, Sol., Thomas L. Thistle, Regional Atty., Austin N. Horowitz, Atty., Boston, Mass., for plaintiff.

Jack London, John A. Tierney, New Bedford, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

Plaintiff brings this action to enjoin the defendants, a Massachusetts corporation and its two principal officers, from violating the provisions of §§ 15(a) (2) and 15(a) (5) of the Fair Labor Stand-

ards Act of 1938, as amended, 29 U.S.C.A. §§ 215(a) (2) and 215(a) (5). Plaintiff has moved for summary judgment.

The parties have filed a stipulation of facts. It is agreed that the sole issue is whether or not defendant corporation is engaged in the production of goods for commerce so as to make defendants employers subject to the provisions of the act. It is agreed that employees of the defendant corporation have not been paid compensation of time and one-half for hours worked in excess of forty per week and that if the court finds that on the facts stipulated defendants are subject to the provisions of the act, then they have violated the act and an injunction should issue.

Defendants operate an open pit sand and gravel bank and processing plant in Acushnet, Massachusetts. Here sand and gravel are taken from the ground, sand is screened and washed, and stone crushing operations are carried on. Defendants use their own trucks to deliver materials to customers, and sell also at their plant to customers who provide their own hauling facilities. Customers include an allied concrete plant, construction contractors, the Commonwealth of Massachusetts and several of its cities and towns, and the general public. During the period covered by the complaint, from April 24, 1959 to April 24, 1961, approximately 15% of the gross volume of sales and services of the defendant corporation, exclusive of snow plowing work, was derived from sales of sand and gravel to cities and towns and to the Commonwealth of Massachusetts for use in the construction and maintenance of public highways. During this period defendants had approximately nine employees in or about their place of business who were engaged in the production, sale and delivery of such road building materials to state and local governments. The gross dollar volume of sales and services for 1960 was $105,442.58.

In addition defendants' employees engaged in snow plowing and snow removal work during 1960. Gross earnings for snow removal work in 1960 amounted to $6,015.25, of which $3,496.50 was received for work done on the streets and highways of the city of New Bedford.

■ In general, the production of materials such as sand and gravel for use in the construction, maintenance and improvement of instrumentalities of commerce such as highways and connecting streets is production of goods for commerce so as to bring employees engaged in such activity within the coverage of the act. Defendants, however, contend that their business falls within the definition of an "essentially local business" not covered by the act, as set forth in 29 C.F.R. § 776.27(d) (4) which reads:

"(4) This does not mean, however, that in every case where employees produce such materials which are used within the State in the maintenance, repair or reconstruction of an instrumentality of commerce, the production of such materials is necessarily considered as production 'for' commerce. A material supply company may be engaged in an independent business which is essentially local in nature, selling its materials to the usual miscellany of local customers without any particular intent or purpose of supplying materials for the maintenance, repair, or reconstruction of instrumentalities of commerce, and without any substantial portion of its business being directed to such specific uses. Employees of such an 'essentially local business' are not covered by the act merely because as an incident to its essentially local business, the company, on occasion, happens to produce or supply some materials which are used within the State to meet the needs of instrumentalities of commerce."

■ From the stipulated facts it cannot be found that defendants' operations fall within the exception set forth in the quoted paragraph. The 15% of its products and services furnished for road building purposes is not so small that it can be regarded as insubstantial for purposes of the act. Mabee v. White

Plains Publishing Co., 327 U.S. 178, 66 S.Ct. 511, 90 L.Ed. 607; Mitchell v. Pilgrim Holiness Church Corp., 7 Cir., 210 F.2d 879. The furnishing of such materials and services to state and local governments was a regularly recurring event during the period covered by the stipulation. This was not a situation such as that contemplated by § 776.27(d) (4) where sales of material for highway purposes just happen to be made on irregular occasions. Moreover, it cannot be found that this furnishing of such materials on such a regularly recurring basis was not intended by defendants to be one of the purposes of their business. Consequently, it must be found that defendants were during the period in question engaged in furnishing goods for commerce and that their employees so engaged are within the coverage of the act.

Plaintiff's motion for summary judgment is allowed and in accordance with the stipulation of the parties the injunction prayed for will issue.